# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HAYS,<br><br>    Plaintiff,<br><br>    v.<br><br>WASCO PRISON MEDICAL DOCTORS, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00453-JLT (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILUE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 1)<br><br>21-DAY DEADLINE |

      Plaintiff, Jonathan Hays, claims he suffered a violation of his Eighth Amendments rights related to the medical treatment he received and failed to receive related to an injury to his leg.

      Notably, however, the Prison Litigation Reform Act of 1995 provides,"[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies before filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

      In his complaint, Plaintiff concedes that while there is a grievance procedure at the

institution, he did not present the facts in his complaint for review through the grievance procedure, explaining that he had a broken leg that needed to be fixed "ASAP." (Doc. 1, Comp., pp. 1-2.) Thus, it appears Plaintiff filed suit prematurely without first exhausting the administrative remedies in compliance with section 1997e(a).

     Accordingly, Plaintiff is HEREBY ORDERED to show cause in writing **within 21 days** from the date of service of this order, why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

IT IS SO ORDERED.

   Dated:   **March 25, 2015**              **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE