# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HAYS,<br><br>    Plaintiff,<br><br>v.<br><br>WASCO PRISON MEDICAL DOCTORS, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00453 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE, FOR FAILUE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 1) |

    In this action, Jonathan Hays, complains about medical treatment he has received at his place of incarceration. However, in his complaint, Plaintiff conceded that, while there is a grievance procedure at his institution, he did not present the facts in his complaint for review through the grievance procedure, explaining that he had a broken leg that needed to be fixed "ASAP." (Doc. 1, Comp., pp. 1-2.) As a result, it appeared Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with section 1997e(a). Thus, the Court issued an order to Plaintiff to show cause why this action should not be dismissed for his failure to exhaust administrative remedies prior to filing suit. (Doc. 10.)

    The OSC was served on Plaintiff that same day and provided a twenty-one day deadline for Plaintiff to respond. (*Id.*) The deadline has long since lapsed and Plaintiff has neither filed a response to the OSC, nor shown cause in any other way as to why the action should not be dismissed.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Accordingly, the Court **RECOMMENDS** that this action be dismissed, without prejudice, for Plaintiff's failure to exhaust prior to filing suit. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 5, 2015**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE